UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**CATHY R. HOLMES,**
    Plaintiff,

v.                                                        Case No. 5:25-cv-1072-CLM

**STATE OF ALABAMA,** *et al.***,**
    Defendants.

## MEMORANDUM OPINION

Pro se plaintiff Cathy R. Holmes sues the State of Alabama, Sarah Taggart, Dwayne and Doris Montgomery, and Amber Earl for allegedly violating federal law in relation to Holmes' state court eviction proceedings. (Doc. 8). Plaintiff also moves for leave to proceed *in forma pauperis* ("IFP"), (docs. 6). For the reasons explained below, the court **GRANTS** Holmes' motion for leave to proceed IFP, (doc. 6), and **DISMISSES** Holmes' second amended complaint **WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e).

## DISCUSSION

The court finds that Holmes meets the financial requirements to proceed IFP. So the court **GRANTS** Holmes' second motion for leave to proceed IFP. (Doc. 6).

When the court grants a plaintiff's motion to proceed IFP, the court must screen the complaint to determine whether the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In reviewing a complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate

question is whether Holmes' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This court construes pro se complaints liberally, but the court cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

The court has considered Plaintiff's documents for screening under 28 U.S.C. § 1915(e) once already. On December 16, 2025, the court identified the pleading deficiencies in Holmes' amended complaint and ordered Holmes to file a second amended complaint by January 6, 2026, to address those deficiencies. (Doc. 7). Specifically, the court ordered Holmes to "(1) identify each defendant she alleges participated in the violation of her rights; (2) describe what each defendant did that amounted to a violation of her rights; (3) state when and where the incidents underlying the violation of her rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to Plaintiff; (5) identify the nature of that harm []; and (6) state the relief she seeks []." (Doc. 7, p. 5). The court instructed Holmes that conclusory and general assertions, like those present in the prior complaint, are insufficient to state a claim on which relief may be granted. Finally, the court warned Holmes that failure "to timely file an amended complaint or adequately address the pleading deficiencies that the court has identified, the court **will dismiss** this case under 28 U.S.C. § 1915(e)." (*Id.*, p. 1).

Holmes filed her second amended complaint by the court's deadline. (Doc. 8). However, Holmes' second amended complaint fails to comply with the court's prior order. Holmes did not remedy the pleading deficiencies identified by the court. Holmes' second amended complaint is nearly identical to its predecessor. The complaint fails to state a claim upon which relief can be granted, and it is not clear that this court has jurisdiction over her claims. Because Holmes' failed to comply with the court's order, her complaint is due to be dismissed under 28 U.S.C. § 1915(e).

## CONCLUSION

For these reasons, the court **GRANTS** Holmes' motion to proceed IFP. (Doc. 6). And the court **DISMISSES** this case **WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e). The court will enter a separate order consistent with this memorandum opinion that closes this case.

The court **DIRECTS** the Clerk of Court to mail a copy of this order to Holmes at her address of record.

**DONE** and **ORDERED** on January 9, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE